# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GRACE THOMPSON, | Case No.: 2:18-cv-01803-APG-VCF |
| Plaintiff | **Order Remanding Case to State Court** |
| v. | |
| UNIVERSITY MEDICAL CENTER, et al., | |
| Defendants | |

At the June 12, 2019 hearing, I dismissed the federal claims in this case, which were the basis for removal from state court. ECF Nos. 1, 24. I granted leave to amend the federal claims but advised the plaintiffs that if they did not file an amended complaint by July 31, 2019, I would decline supplemental jurisdiction over the state law claims and remand this matter to state court. The plaintiffs have not filed an amended complaint.

The plaintiffs' remaining claims arise under state law, and those claims are before me under supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). I may decline to exercise supplemental jurisdiction over a state law claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Should one of these factors be present, I consider whether continuing to exercise supplemental jurisdiction promotes economy, convenience, fairness, and comity. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). Whether to decline the exercise of supplemental jurisdiction under § 1367(c) lies within my discretion. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1090 (9th Cir. 2008).

I have dismissed the only claims supporting original jurisdiction in this court. The plaintiffs originally brought suit in state court, and now that the claim supporting removal has been dismissed, remand is appropriate. The case has not progressed so far in federal court that concerns about economy or convenience are implicated. I therefore decline to exercise supplemental jurisdiction over the state law claims, and I remand this case to the state court from which it was removed.

IT IS THEREFORE ORDERED that the case is remanded to the state court from which it was removed for all further proceedings. The Clerk of the Court is instructed to close this case.

DATED this 6th day of August, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE